STATE EX REL. ALLEN, ETC. *v.* VERMILLION CIRCUIT COURT ET AL.

[No. 31,134. Filed May 18, 1967]

*James P. Savage* and *Homer D. Ingram,* both of Newport, for relators.

*Allen H. Helt, pro se,* and *Branigin, DeMoss & Jones,* of Franklin, for respondent.

ARTERBURN, C. J.—The relators filed their petition for a writ of prohibition and mandate against special judge Allen H. Helt, respondent herein. The response and return thereto by the special judge makes no denial of the facts. It appears, therefore, from the allegations of the petition that there were two cases pending in the Vermillon Circuit Court for recovery of alleged salary due Marie Giordano and Charlotte Kinderman as assistants in the office of the treasurer of Vermillion County. Shortly after the filing of said causes the Honorable Frank Fisher, judge of the Vermillion Circuit Court, died, and the Honorable Joe E. Beardsley, II, the successor to Judge Fisher, being of counsel to one of the parties, disqualified himself. The respondent herein, Allen H. Helt, was appointed special judge in said causes on the 17th day of March, 1967.

It appears by certified copy of the clerk's office that Allen H. Helt filed his oath of office on the 17th day of March, 1967. The record also shows that Allen H. Helt, special judge, on said date ordered all members of the Board of Commissioners of Vermillion County, as well as the auditor of Vermillion County, to appear in court before him on Monday, March 20, 1967 at 9:00 a.m. The next order book entry shows that the court, without specifying any grounds therefor, on the 20th day of March entered an order as follows:

"The court now finds as a matter of fact that Mr. Ingram is in direct contempt of this court and is ordered to remove forthwith from the court room."

Mr. Homer D. Ingram was the county attorney representing the commissioners at the time they were ordered to appear in court. The next entry reads:

"The Court now finds as a matter of fact that Paul Ritter, Harold Hughes, and Elmo Riggen, as Members of the Board of Commissioners of Vermillion County, Indiana, are guilty of direct contempt of this Court because of their interference with the orderly process of this Court and as a result of such interference with the orderly process of government, they are hereby committed to the custody of the sheriff of Vermillion County."

The next entry shows James P. Savage, an attorney who sought to intervene on behalf of attorney Ingram, was also held "in direct contempt of this Court."

The petitioners allege, and it is not denied by the respondent special judge, that when he had the county commissioners and the auditor present in court at the time ordered, he charged the auditor with misfeasance in office and ordered him under penalty to draw checks on county funds payable to the plaintiffs for their claim for salary. He ordered all the persons involved to be held in the custody of the sheriff and he directed the auditor, under penalty, to go down to his office and draw checks payable to the plaintiffs in the pending lawsuits for their claims for salary. He gave the auditor fifteen minutes to perform the order. When the auditor returned with the checks payable to the claimants, he directed that they be turned over to the claimants and that they be immediately taken to the bank and cashed. The commissioners, auditor and their attorneys were held in the courtroom until this could be accomplished.

The next action was on the part of the attorney for the claimants, who then stepped forward and asked that the causes of action for the claimants be dismissed. Attorney

James P. Savage asked to enter an appearance for the defendants in the cause, namely, the county commissioners, auditor and others, and to file an affidavit for a change of venue from the county. The judge's reply thereto was: "You are in direct contempt of this Court and the Sheriff is ordered to remove you from the Court Room." The attorney was then led away from the court room by the sheriff.

The above actions do not appear of record in the court order book, but are sworn to by the petitioners herein and are not denied by the special judge, respondent herein. The record does show that James P. Savage was held in direct contempt of court and the record does show that counsel for the plaintiffs in the two pending lawsuits made a motion to dismiss the lawsuits then pending. The record further shows that the next day, on March 21, attorney Homer D. Ingram attempted to file a praecipe for a transcript on behalf of his clients for an appeal from the contempt actions of the special judge. The record shows that this special judge, the respondent herein, ordered the clerk of the Vermillion Circuit Court to refrain from preparing any such transcript for an appeal until the petitioners purged themselves from the contempt, from which proceeding they desired to appeal.

On the 25th day of March, 1967 the motion to dismiss the causes of action pending in the court before the special judge was sustained and the causes were dismissed. The respondent judge now files a response and return stating the matters complained of are all moot.

On March 27, 1967, on application of the relators herein, we issued a temporary writ of mandate and prohibition which directed the respondent special judge to expunge from the record all entries, findings and proceedings as were reduced to writing on the docket sheets in said cause by him as special judge, and further ordered him to refrain until further order of this Court from making any orders of contempt proceedings against relators, and further directed that he grant the

defendants in said causes their motion for a change of venue from Vermillion County.

We have examined the response of the special judge, respondent herein, and can find no justification whatever for the arbitrary and peremptory actions which he has taken in this cause. It lacks judicial restraint and those characteristics which should control a judge in his judicial actions.

In direct contempt proceedings the statute plainly states that the presiding judge, before a person may be held in contempt, must

". . . distinctly state the act, words, signs or gestures, or other conduct, of the defendant which is alleged to constitute such contempt; and such statement shall be reduced to writing . . . together with any statement made in explanation, extenuation or denial thereof which the defendant may make in response thereto;" Acts 1879 (Spec. Sess.), Ch. 35, § 7, p. 112, being Burns' Ind. Stat. Anno. § 3-907 (1946 Repl.)

This very fundamental procedure was lacking in this case. It appears to us to have been a case where force and threats were used to draw money out of the county treasury under the pretense of a legal proceeding. For a judge not to permit an attorney to enter an appearance for a client or to file an affidavit for a change of venue, but instead to hold such an attorney in contempt for such action, is beyond our conception of mere due process. To thereafter order the clerk not to prepare any transcript for an appeal or writ in this Court compounds the evil. Such rights are so fundamental and established in law that no authorities are needed to support the same.

The writ heretofore issued is made permanent, except that the record showing that the special judge qualified shall not be expunged from the record in causes #22801, entitled Charlotte Kinderman v. Richard Allen, et al. and #22802, entitled Marie Giordano v. Richard Allen, et al., pending in the Vermillion Circuit Court. However, all other records thereafter made by

said special judge in said causes shall be expunged and held for naught; and said respondent special judge herein is directed and ordered immediately, as heretofore ordered, to grant the change of venue from the county, as applied for by the relators' attorney herein in said causes pending in said court; and to make due return hereof promptly and without delay.

NOTE.—Reported in 226 N. E. 2d 324.